**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

v.

**HUMKO PRODUCTS, DIVISION OF KRAFTCO CORPORATION et al., Defendants.**

**Civ. No. C-73-295.**

United States District Court,
W. D. Tennessee, W. D.
April 21, 1975.

Dale Woodall, Evans, Petree, Cobb & Edwards, Memphis, Tenn., for Humko.

Anthony J. Sabella, Memphis, Tenn., for Unions.

Julia P. Cooper, Acting Gen. Counsel, William L. Robinson, Associate Gen. Counsel, E.E.O.C., Washington, D.C., Milton C. Branch, Regional Atty., Roger J. Martinson, Associate Regional Atty., Laverne S. Tisdale, Asst. Regional Atty., M. James Hunter, Trial Atty., E.E.O.C., Atlanta Regional Litigation Center, Atlanta, Ga., for plaintiff.

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER, DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND REQUIRING REARGUMENT IN PART

BAILEY BROWN, Chief Judge.

■■ This cause is before the court on defendant Humko's motions to dismiss and to reconsider the court's order entered November 20, 1973 (that order denied earlier motions to dismiss and for more definite statement). Defendant's motion to reconsider is denied based on the reasons cited in the opinion of November 20, 1973. The remainder of this opinion will deal only with Humko's new motion to dismiss. Defendant Humko contends (1) that this action is barred by either the 180 day provision of 42 U.S.C. § 2000e–5(f)(1) or the Tennessee statute of limitations, (2) that the EEOC has failed to comply with statutory and regulatory provisions regarding conciliation (29 C.F.R. §§ 1601.19(b), 1601.23, and 1601.25(b) (1973)), (3) that the charging party has withdrawn the original charge thus depriving the EEOC of a cause of action, and (4) that the EEOC's answers to interrogatories demonstrate that there is no factual basis for this action. The EEOC has opposed defendant's motion and moved to strike affidavits attached to the motion contending that the affidavits go to the substance of the conciliation effort and not to whether such an effort was made. After a hearing this court delayed a final decision in order to have the benefit of a case then pending before the Sixth Circuit. *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975). That case has recently been decided and it resolves two of the questions raised by defendant Humko. Neither the 180 day provision of 42 U.S.C. § 2000e–5(f)(1) nor the Tennessee statute of limitations bars the instant action. *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1359 (6th Cir. 1975). Defendant's motion, therefore, must be denied insofar as it relies on the 180 day or statute of limitations proposition.

■ The *Kimberly-Clark* decision, however, does support defendant's argument that certain conciliation efforts are a prerequisite to an action under Title VII of the Civil Rights Act of 1964. 42 U.S.C.A. § 2000e et seq. (1974). Moreover, this court has held that while it "will not consider the sufficiency of actual conciliation efforts, it must insist on the strict observance of agency regulations that confer important procedural benefits on the defendant . . . .— regulations which reflect the strong Congressional policy favoring conciliation." *EEOC v. Dealers Tractor & Equipment Co.*, Civ. No. 74–322 (W.D. Tenn. Aug. 22, 1974). Since this issue may now be dispositive of the cause, and because this court feels that additional argument on this question is desirable a hearing will be set for reargument in light of the Sixth Circuit decision in *Kimberly-Clark* and this court's decision in *Dealers Tractor*. Plaintiff's motion to strike affidavits will be denied since the affidavits submitted by defendant are relevant insofar as they deal with whether the EEOC complied with statutory and regulatory procedural requirements.

It is therefore ordered that defendant's motion to reconsider be, and the same is hereby, denied. Furthermore, it is ordered that defendant's motion to dismiss on the grounds that the action is barred by the 180 day provision of 42 U.S.C. § 2000e–5(f)(1) or the Tennessee statute of limitations be, and the same is hereby, denied. It is further ordered that plaintiff's motion to strike be, and the same is hereby, denied. A hearing will be held on the issue of whether the EEOC has complied with statutory and regulatory provisions regarding conciliation.